IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PATRICIA S.** [1], <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. 3:18-cv-617-SI <br><br> **OPINION AND ORDER** |

Brian Scott Wayson, CASCADIA DISABILITY LAW LLC, PO Box 12028, Portland, Oregon 97212. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Michael Howard, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Patricia S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed applications for SSI and DBI on August 28, 2013. AR 198. In both applications, Plaintiff initially alleged disability beginning on December 1, 2009, but later amended to allege disability beginning on August 1, 2013. AR 42. Plaintiff's date of birth is November 25, 1962, and she was 50 years old at the alleged disability onset date. AR 198. Plaintiff alleged disability due to obesity, COPD, status post laminectomy/discectomy, and mental health conditions described as dysthymia and mixed personality disorder with borderline and narcissist features. AR 20. The Commissioner denied Plaintiff's application initially and again upon reconsideration. AR 130, 140, 144. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). AR 147. An administrative hearing was held on October 5, 2016. AR 38. The ALJ concluded Plaintiff was not disabled from the onset of disability[2] through the date of the decision on December 20, 2016. AR 32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the commissioner. AR 1-6. Plaintiff now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

---

[2] The ALJ erroneously misstated the alleged disability onset date as December 1, 2009 in his conclusion. AR 32. However, he referred to the correct disability onset date of August 1, 2013 throughout his analysis. AR 25.

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R.

>     §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 20, 2016. AR 20. Thus, for Plaintiff's DIB claim, she must establish disability on or before that date. The ALJ then conducted the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. AR 20. At step two, the ALJ found that Plaintiff has the following severe

PAGE 5 – OPINION AND ORDER

impairments: obesity; COPD; status post laminectomy/discectomy in August 2006 with residual back pain; and mental health conditions described as dysthynria and mixed personality disorder with borderline and narcissist features. AR 20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1.

The ALJ then determined that Plaintiff retained the RFC to perform light work with the following limitations:

> No more than frequent balancing, and no more than occasional crawling, crouching, kneeling, stooping, or climbing. The claimant would also need to avoid concentrated exposure to unprotected heights, moving machinery or similar hazards, as well as fumes, dust, gases, poor ventilation and other noxious odors. The claimant can have no more than brief, superficial contact with coworkers and the general public.

AR 24. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 31. At step five, the ALJ identified three positions that Plaintiff would be able to perform based on her age, education, work experience, and RFC. AR 31. The ALJ then concluded that Plaintiff was not disabled. AR 32.

## DISCUSSION

Plaintiff contends that the ALJ erred by (1) improperly rejecting medical opinion evidence, (2) improperly discrediting Plaintiff's credibility, and (3) rejecting the opinion statements of Mr. S., Plaintiff's husband.

### A. Medical Opinion Evidence

The ALJ generally will give more weight to opinions from treating sources, because they have treated the claimant over a period of time and "bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone" or from one-time evaluations performed by consulting physicians. 20 C.F.R. §§ 404.1527(c), 416.927(c)(2). If a

treating physician's medical opinion is not inconsistent with other evidence in the record and is supported by medical findings, the treating physician's opinion should be given controlling weight. *See Holohan v. Masasnari*, 246 F.3d 1195, 1202 (9th Cir. 2001). "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). However, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). The ALJ will also consider several sub-factors for evaluating a treatment relationship, including the length of the treatment relationship and the frequency of examination, the evidence the doctor presents to support her opinion, and whether the doctor's opinion is consistent with the record as a whole. 20 C.F.R. § 404.1527(c), 416.927(c).

Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting the medical opinion testimony of Dr. Jeffrey Pierson, who treated Plaintiff in early 2008, and Dr. Thomas Rosenbaum, who treated Plaintiff in 2007. In 2007, Plaintiff visited Dr. Rosenbaum, and he opined that Plaintiff should be limited to sedentary work. The ALJ noted that Dr. Rosenbaum's opinion was given more than five years before the alleged onset of disability and did not reflect Plaintiff's functional capacity during the time period at issue in this case. From 2011 until 2013, Plaintiff continued to work a demanding job working with juvenile delinquents and work as a supervisor at a workshop for individuals with disabilities. AR 25-26. The ALJ also considered that the extent of the limitations reported by Dr. Rosenbaum was inconsistent with

Plaintiff's limited treatment history for her physical impairments and with the objective evidence.

Dr. Pierson opined that Plaintiff had permanent restrictions limiting her to standing and walking for a total of four to five hours, limiting her sitting to four to six hours, and lifting fifteen pounds occasionally and ten pounds frequently. The ALJ noted that Dr. Pierson's opinion was given more than five years before the alleged onset date of disability. Furthermore, the ALJ determined that Dr. Pierson's opinion did not seem consistent with Plaintiff's functional capacity during that time period. The ALJ also noted that Dr. Pierson's opinion did not seem to be consistent with Plaintiff's limited medical treatment history and the weak objective evidence of her medical issues.

The ALJ properly gave limited weight to the opinions of Dr. Rosenbaum and Dr. Pierson. Medical opinions that predate the alleged onset of disability are of limited relevance. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989). Both opinions were given fairly shortly after Plaintiff's back surgery in 2006. AR 25. The ALJ found that both opinions were also inconsistent with Plaintiff's functional capacity, especially considering the fact that Plaintiff was able to continue working full time, at a moderately strenuous job working with juvenile delinquents, from 2011 until August of 2013. The fact that Dr. Pierson's opinion stated that her restrictions would be permanent does not cure the staleness of his opinion because his opinion was inconsistent with the objective evidence of Plaintiff's functional capacity. In 2012, Plaintiff was seen for back pain, and she was not observed to have any significant decrease in range of motion in the spine, or to have any difficulty with ambulation or sitting. These observations from 2012 are inconsistent with Dr. Rosenbaum and Dr. Pierson's opinions from 2007 and 2008, respectively. Dr. Rosenbaum

and Dr. Pierson's opinions are inconsistent with the claimant's treatment history for her physical impairments and are inconsistent with the objective evidence. Accordingly, the ALJ provided sufficient justification and has provided specific and legitimate reasons for giving less weight to the medical opinion evidence of Dr. Rosenbaum and Dr. Pierson.

Plaintiff also argues that the ALJ improperly gave some, but less than great weight to the opinions from non-examining physician Dr. K. McAuiffe and non-examining psychologist Luahra Ude. Dr. McAuiffe reviewed medical evidence in August 2012 to assess Plaintiff's barriers for vocational rehabilitation and job placement. Because Dr. McAuiffe and Dr. Ude never examined Plaintiff personally, more weight should be given to the opinions of treating and examining sources than non-examining sources like Dr. McAuiffe and Dr. Ude. *See Garrison*, 759 F.3d at 1012. The fact that Dr. McAuiffe and Dr. Ude were non-examining sources is a factor, but not the only factor, in discounting their opinions.

The ALJ gave less than great weight to Dr. McAuiffe because the ALJ found that Dr. McAuiffe did not cite evidence that he reviewed in forming his opinion and did not otherwise explain how he arrived at his opinion. Additionally, Dr. McAuiffe's and Dr. Ude's reported limitations were inconsistent with the objective evidence and limited treatment history for Plaintiff's physical impairments. Dr. McAuiffe reported that Plaintiff should avoid heavy or repetitive lifting and carrying to thirteen pounds, and prolonged standing, sitting, twisting and bending. But this is inconsistent with the reports from 2012 when Plaintiff was not observed to have any difficulty with ambulation or sitting, and showed no signs of decreased strength, sensation, or reflexes. From 2012-2014 Plaintiff did not see a healthcare provider, and there is no evidence regarding what her symptoms were during that time. When she visited a healthcare provider in 2014, she reported back pain, but did not describe disabling levels of pain. During

subsequent visits with her healthcare provider from 2014 to 2016, she did not complain of significant or severe back pain symptoms. AR 878-90; 970-80

Dr. Ude reviewed evidence of Plaintiff's mental health for vocational rehabilitation purposes in 2012. Like Dr. McAuiffe, Dr. Ude did not cite to any reports on which her opinion was based. She opined that Plaintiff would need a low-stress position, but this requirement for low-stress work is not supported by the evidence in the record. Plaintiff was referred to a mental health clinic in 2014 and again in 2015, but at that time she stated that she was not interested in any counseling or therapy, but rather was only interested in medication. AR 924. Plaintiff has reported problems with anxiety, crying, and getting along with others. This was accounted for in the limitation in Plaintiff's RFC that she have no more than brief, superficial contact with coworkers and the general public. The ALJ properly gave limited weight to the opinions of non-examining physician Dr. McAuiffe and non-examining psychologist Dr. Ude.

**B. Subjective Symptom Testimony**

Plaintiff contends that the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, thereby satisfying step one of the framework. AR 25. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record. AR 25.

The evidence of record did not support Plaintiff's allegations of disabling symptoms and limitations. For example, the ALJ noted that Plaintiff reported that she was advised to stop working due to the onset of her disability in August 2013, but there is no document or report in the record to support this assertion. Additionally, Plaintiff testified that she had been fired from her job, and she made a significant effort to find other, less strenuous work, but was unsuccessful. The ALJ thus concluded that her reason for not working was not due to her disability, but rather a result of her inability to locate suitable work. AR 25.

Plaintiff's subjective reports of her symptoms also are not consistent with medical evidence in the record, in part because there is no record of Plaintiff's medical conditions from

2012 to 2014, when she did not visit any healthcare providers. The ALJ found that Plaintiff's testimony about the severity of her symptoms was inconsistent with the fact that she did not attempt to access free or low-cost healthcare during that time period. AR 26. The medical evidence that does exist is also inconsistent with Plaintiff's symptom testimony. Plaintiff alleges that she is primarily unable to work due to chronic back pain. In May of 2012, an MRI of Plaintiff's lumbar spine showed disc space narrowing and mild disc bulges without significant spinal canal narrowing. AR 26. The ALJ determined that the mild nature of Plaintiff's spinal disorder seemed inconsistent with the alleged frequency, intensity, and persistence of her chronic back pain symptoms. AR 26. In 2012, Plaintiff was also able to walk and sit normally, and had normal strength, sensation, and reflexes. AR 334-35. In July 2014, after Plaintiff obtained health insurance and resumed seeing a medical provider, she reported back pain, but not disabling levels, and she was not prescribed opioids and did not seek additional treatment for her back pain. AR 27. In doctor's visits, her back pain was not the primary focus of her ailments. AR 837, 976. From 2014-2016, she showed no complaints of significant or persistent back pain symptoms that would rise to a level of disabling. AR 878-90; 970-80.

      Plaintiff argues that her failure to obtain medical treatment between 2012 and 2014 should not be given any weight, because the ALJ did not adequately explore what, if any, barriers to care Plaintiff faced. However, "unexplained, or inadequately explained failure to seek treatment. . . can cast doubt on the sincerity of a claimant's pain testimony." Fair, 885 F.2d at 603. Here, though Plaintiff claims the ALJ failed to consider whether Plaintiff tried to seek treatment, there is no evidence in the record suggesting Plaintiff attempted to seek treatment. And though Plaintiff states that the ALJ failed to consider Plaintiff's barriers to care, Plaintiff

does not explain what those barriers were.³ Furthermore, the ALJ noted that Plaintiff was able to access her ongoing workers' compensation healthcare for her "on the job injury back pain" in March 2014. AR 388.

Plaintiff also suffers from COPD, but her medical history suggests that her COPD symptoms are manageable, and do not prevent her from working fulltime. She has never required emergency treatment nor has she required physician intervention for her COPD, and she has not reported significant problems due to her COPD. AR 880. Her obesity likely aggravates her COPD, but the ALJ accounted for this in limiting her RFC exposure to respiratory irritants. AR 27. The ALJ determined that Plaintiff's impairments could reasonably be expected to produce pain or other symptoms, but the ALJ provided clear and convincing reasons for finding that the intensity, persistence, and limiting effects of the alleged symptoms was not consistent with Plaintiff's testimony based on an examination of the entire record. The ALJ's finding is supported by substantial evidence.

## C. Mr. S.'s Opinion

Plaintiff's husband provided a statement in this case in which he discussed Plaintiff's symptoms and limitations. Lay witness testimony about a claimant's symptoms is competent testimony that an ALJ needs to consider and cannot disregard out of hand. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). Eyewitnesses can tell whether somebody is suffering and can describe how their pain limits their ability to perform daily tasks. Lay witnesses cannot make medical diagnoses, but "lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence . . . and therefore *cannot* be

---

³ Plaintiff asserts that the ALJ failed to ask if low-cost or free healthcare is available in the rural community she lives in, but Plaintiff does not assert that living in a rural community has actually been a barrier to treatment, and Plaintiff has a history of seeing many healthcare providers across the Portland metropolitan area despite her rural home.

disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in original) (internal citations omitted). An ALJ may reject lay witness testimony by providing germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

The ALJ provided germane reasons for rejecting Mr. S.'s opinion. One germane reason for rejecting lay witness testimony is that it conflicts with the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ found that the report Plaintiff's husband prepared is inconsistent with the medical evidence in the record and is inconsistent with the limited treatment history for the Plaintiff's physical and mental impairments. Plaintiff's husband describes her daily activities as limited to laying in bed and watching TV due to the extreme back pain, but debilitating levels of back pain like he describes are notably absent from any of Plaintiff's medical records. Accordingly, the ALJ's decision to give little weight to his opinion is supported by substantial evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 22nd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge